UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KELLY NAROWSKI,

      Plaintiff,

                                       CASE NO:

vs.


SAYDA HOLDINGS, LLC; TAYIEM
CONSULTANT AND MANAGEMENT, LLC,

      Defendants.

                                             /

## **COMPLAINT**

Plaintiff, Kelly Narowski ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues SAYDA HOLDINGS, LLC and TAYIEM CONSULTANT AND MANAGEMENT, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## **JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.      Venue is proper in this Court, the District of Kansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3.      Plaintiff, Kelly Narowski (hereinafter referred to as "Narowski") is a resident of Leavenworth, Kansas, and is a qualified individual with a disability under the ADA. Narowski has what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffered a spinal injury and requires the use of a wheelchair for mobility. Prior to instituting the instant action, Narowski has visited the premises at issue in this matter, and was denied full, safe and

equal access to the subject property of Defendant due to its lack of compliance with the ADA, and more specifically, those barriers listed in Paragraph 12, below, that Narowski personally encountered.  Narowski continues to desire and intends to regularly visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant SAYDA HOLDINGS, LLC, is a domestic limited liability company registered to do business and, in fact, conducting business in the State of Kansas. Upon information and belief, SAYDA HOLDINGS, LLC, (hereinafter referred to as "SAYDA") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Trailhead Shopping Center located at 3001-3015 South 4th Street, Leavenworth, Kansas (hereinafter referred to as the "Shopping Center").

5.      The Defendant TAYIEM CONSULTANT AND MANAGEMENT, LLC, is a domestic limited liability company registered to do business and, in fact, conducting business in the State of Kansas. Upon information and belief, TAYIEM CONSULTANT AND MANAGEMENT, LLC, (hereinafter referred to as "TAYIEM") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Trailhead Shopping Center located at 3001-3015 South 4th Street, Leavenworth, Kansas (hereinafter referred to as the "Shopping Center").

6.      All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

7.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the

ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center owned and/or operated by Defendants is a place of public accommodation in that it is a retail Shopping Center operated by a private entity that provides goods and services to the public.

9.      Defendants SAYDA and TAYIEM have discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

10.     The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center owned and/or operated by Defendants SAYDA and TAYIEM.  Prior to the filing of this lawsuit, Plaintiff has visited the Shopping Center at issue in this lawsuit regularly and frequently, multiple times per month, to utilize services provided by JT Nail Salon, located with the Shopping Center, and has been denied access to the benefits, accommodations and services of the Defendants' premises and therefore has suffered an injury in fact as a result of the barriers listed in Paragraph 12, below, that she personally encountered.  In addition, Plaintiff continues to desire and intends to regularly visit the Shopping Center, but continues to be injured in that she is unable to do so free from discrimination and continues to be discriminated against due to the barriers to access that remain at the Shopping Center in violation of the ADA. Narowski has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

11.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the

requirements of the ADA 28 C.F.R. Part 36.

12.     Defendants SAYDA and TAYIEM are  in violation of 42 U.S.C. §12181 *et seq.* and

28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the

following specific violations:

(i)      There are no wheelchair accessible or van accessible parking spaces provided in the parking lot serving the shopping center and the multiple tenant spaces located therein, including JT Nail Salon;

(ii)     The sole parking space with some indicia of accessibility lacks raised signage to designate it as such and also lacks an adjacent access aisle necessary for a wheelchair user to enter or exit her vehicle without being blocked by an adjacent vehicle;

(iii)    The parking lot paint is so badly faded that the parking spaces are difficult to discern such that a vehicle is often parked in a manner that blocks the accessible route to the sole curb ramp providing access to all of the tenant spaces, such that Plaintiff has had to gain access through a rear, employee-only entry, on occasion;

(iv)     Accessible parking spaces are not dispersed as necessary throughout the parking lot serving the Shopping Center as necessary to provide equal access to all tenant spaces within the Shopping Center;

(v)      There are an insufficient number of curb ramps currently serving the Shopping Center as is necessary for wheelchair accessible parking to be properly dispersed to serve the multiple tenant spaces, including, but not limited to, JT Nail Salon.

13.     There are other current barriers to access and violations of the ADA at the Shopping

Center owned and operated by Defendants SAYDA and TAYIEM that were not specifically

identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R.

Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's

representatives can all said violations be identified.

14.     To date, the barriers to access and other violations of the ADA still exist and have not

been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants

SAYDA and TAYIEM was required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants SAYDA and TAYIEM have failed to comply with this mandate.

16.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants SAYDA and TAYIEM pursuant to 42 U.S.C. §12205.

17.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants SAYDA and TAYIEM and requests the following injunctive and declaratory relief:

> A.     That the Court declare that the property owned and administered by Defendants SAYDA and TAYIEM is violative of the ADA;
>
> B.     That the Court enter an Order directing Defendants SAYDA and TAYIEM to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;
>
> C.     That the Court enter an Order directing Defendants SAYDA and TAYIEM to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;
>
> D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and
>
> E.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 16th<sup>th</sup> day of February, 2022.

5

*/s/ David P. Calvert*

David P. Calvert, Esq.
Local Counsel
Kansas State Bar No.: 06628
532 N. Market Street
Wichita, Kansas 67214
Telephone:     (316) 269-9055
Email: lawdpc@swbell.net